cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O. WILKINSON, as an individual and on behalf of all others similarly situated, ) ) ) | Civil No.07cv0952 W (AJB) |
| Plaintiff, ) ) | PROTECTIVE ORDER |
| v. ) ) | |
| CHATTEM, INC., a Tennessee corporation, ) ) | |
| Defendants. ) | |

Plaintiff Robert O. Wilkinson ("Plaintiff") and Defendant Chattem, Inc. ("Chattem"), by and through their counsel of record, hereby stipulate and agree that the terms and conditions of this Stipulated Protective Order (the "Order") shall be applicable to and govern depositions, documents, and other tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions, and all other discovery taken in the above-captioned action (hereinafter "the Action") or produced in connection with the Action by a third party witness who designates the production as confidential hereunder.

IT IS HEREBY ORDERED as follows:

1.  Designations of Confidential Materials.  Any party or non-party to this Action (hereinafter a "Designating Party" and "Designating Non-Party", respectively) shall have the right to designate as "CONFIDENTIAL" any document produced in this Action that the Designating party or Designating Non-Party considers in good faith to contain trade secret and/or confidential and proprietary information protected from public disclosure by law ("Confidential Material").  Where a document or response

consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated.

2. Restriction on Disclosure of Confidential Material. No Confidential Material shall be disclosed to any person or entity except as set forth in this Order. Persons obtaining access to Confidential Material under this Order shall use the information solely for the purpose of litigating the Action, and shall NOT use any such information for any other purpose in any manner or degree at any time, including but not limited to its use in any business, commercial or economic activity. The restrictions on use of Confidential Materials set forth in this Order shall survive the conclusion of this matter, and, after conclusion of this matter, the Court shall retain jurisdiction for the purpose of enforcing this Order. No copies of Confidential Material shall be made except by or on behalf of counsel of record for their own use. All such copies shall be subject to the provisions of Paragraph 15 hereof.
No Confidential Material will be disclosed to any person who is required under the terms of this Order to execute a non-disclosure agreement, the form of which is attached hereto as Attachment 1, unless and until such person executes the non-disclosure agreement. If the person refuses to sign such non-disclosure agreement, any party may seek judicial assistance to compel that person to be bound by the terms of this Order.

3. Marking of Confidential Material. Documents that any party wishes to protect against unauthorized disclosure or use as Confidential Material shall be marked by placing the following legend on the documents:

CONFIDENTIAL

(a) Request For Production of Documents. In the case of documents produced pursuant to a Request for Production of Documents, by stamping or writing "CONFIDENTIAL" on the front of any document before production;

(b) Responses to Interrogatories and Requests for Admissions: In the case of responses to Interrogatories and Requests for Admissions, by stamping or writing on the front of any set of responses the phrase "CONTAINS CONFIDENTIAL INFORMATION".

(c) Depositions. Portions of deposition transcripts and documents produced at deposition may be designated "CONFIDENTIAL" either (a) during the deposition, in which case the

transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as "CONFIDENTIAL", or (b) by written notice to the reporter and to all counsel of record within thirty (30) days after the court reporter mails notice to the defendant that the transcript has been prepared, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating party. Pending the expiration of thirty (30) days after notice of preparation of the deposition transcript, all parties shall treat the transcript as if it has been designated as Confidential Material. If no such designation is made within thirty (30) days, the transcript shall be considered not to contain any confidential information subject to this Order.

The Designating Party has the right to have all persons, except the deponent and his or her counsel, the named parties, counsel of record for named parties, the court reporter, and such other persons as are permitted under Paragraphs 5 and 6 herein, excluded from a deposition, or any portion thereof before the taking of testimony which the Designating Party designates as "CONFIDENTIAL" under this Order.

      (d)    Nonparty Production: A non-party may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty at the time of production. A party may designate as "CONFIDENTIAL" documents or discovery materials produced by a nonparty by providing written notice to all parties of the relevant document numbers or the identification within thirty (30) days after receiving such documents or discovery materials.

4.    Filing Designated Materials:   Before any Confidential Material is filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including Civ. L.R. 7.3, with respect to filing documents under seal in this Court.

5.    Access to "CONFIDENTIAL" Material. Disclosure of materials designated "CONFI-DENTIAL" for the purpose of conducting this litigation may be made only as follows:

      (a)    to the named parties to this action;

      (b)     to any directors or officers or employees of Chattem;

      (c)    to counsel of record and their employees;

3

07cv0952

    (d)  to persons requested by counsel of record to assist in conducting this litigation;

    (e)  to any person not included in (a) through (d) above whose testimony during these proceedings is obtained or sought;

    (f)  to the Court (and its officers), as set forth in paragraphs 4 and 5 of this Order. No disclosure shall be made to any person or entity specified in paragraph 5(b), 5(d) and/or 5(e) until such person or entity to whom Confidential Materials are disclosed executes the non-disclosure agreement attached hereto as Attachment 1.

  6.  Disclosure of Confidential Materials to Deponents or Witnesses. A deponent or witness may, during a deposition or trial, be shown and be examined about information so designated as "CONFIDENTIAL", or any part of portion thereof, if the deponent or witness: (i) appears as the author or as an addressee on the face of the document; (ii) or previously rightfully obtained knowledge of the document containing the information; (iii) or previously rightfully learned the information contained therein; (iv) or the procedures as set forth in paragraph 5 above have been followed and the deponent or witness has executed the non-disclosure agreement attached hereto as Attachment 1; (v) or a current employee or agent of the Designating Party provided that counsel taking the deposition shall first disclose the Confidential Material to counsel for the Designating Party outside of the presence of the witness. With the exception of certified, expert witnesses (otherwise subject to the terms of this Order), such deponent or witness may NOT retain any Confidential Materials or copies thereof.

  7.  Procedure for Seeking/Prohibiting Additional Disclosures. Prior to any disclosure of material designated "CONFIDENTIAL", other than as provided in paragraphs 2, 4, 5, and 6 herein, counsel desiring to make such a disclosure shall provide written notice to counsel for the Designating Party of its intent to make the disclosure, stating therein the specific material to be disclosed and the name, address, and position of the person to whom the disclosure is being made. If the Designating Party objects to the disclosure, the party seeking the additional disclosure must file a motion with the Court to disclose the Confidential Material outside the scope of this Order. Until the Court rules on the motion, the Confidential Materials shall not be disclosed.

  8.  Limitation Upon Scope of Order. Nothing contained in this Order shall affect the right of any Designating Party to disclose or use for any purpose the documents or information it produced and

designated as "CONFIDENTIAL".  This Order shall not limit or affect the rights of any party to use or disclose any material or thing that has not been obtained through, or derived as a result of, the Action.

9. No Admission by Non-Designating Party.  Treatment by opposing counsel or party in conformity with the indicated designation of "CONFIDENTIAL" shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any Confidential Materials of any other party or witness.

10. Procedure for Modification of Order/Objection to Designation.  No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.  Any party objecting to the designation of Confidential Material must give counsel for the Designating Party written notice of its reasons for the objection and the parties shall attempt to resolve their differences.  Failing resolution, the party objecting to the designation of Confidential Material may move the Court in writing (by means of a formal motion) for an Order removing or changing the designation. Disputed material shall be treated as Confidential Material until the dispute is resolved.

This Order shall be interpreted in a manner that does not unduly restrict any party's conduct in the Action.  In addition, the parties recognize that other situations not adequately addressed in this Order may arise, and that a need for its modification is not unlikely.

11. No Effect on Admissibility.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

12. Disposition of Designated Materials at the End of Case.  Within sixty (60) days of the final adjudication (including any appellate proceedings) or other final deposition of the claims at issue herein, and unless otherwise agreed in writing by an attorney of record for the Designating party, counsel for each party  shall either (1) assemble and return all designated material in its possession, including all copies thereof, other than material permitted by the prior sentence to be retained by counsel of record, to the party or third party witness from whom the designated material was obtained, or (2) certify in writing that all such material has been destroyed.  The producing party shall acknowledge in writing the receipt of the returned material.

13.     No Waiver.  Neither the review of any Confidential Material by counsel, witnesses, deponents, experts, or consultants in this litigation nor the inadvertent, unintentional, or in camera disclosure thereof, nor the filing or lodging of any such information under seal as set forth above, shall, under any circumstances or in any manner or degree at any time, be deemed to be a waiver, in whole or in part, of (a) the Designating party's contentions of confidentiality or objections to production of any of the information so designated as "CONFIDENTIAL", or (b) any opposing party's contentions or objections that any particular information so designated as "CONFIDENTIAL" is in fact not Confidential Material.  However, nothing herein shall defeat any provision of this Order.
In addition, nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14.     Inadvertent Failure to Designate Confidential Material.  To the extent not inconsistent with Paragraph 3 herein, this paragraph shall govern material inadvertently not initially designated "CONFIDENTIAL".  The initial failure to designate Confidential Material in accordance with this Order shall not preclude any party or third party, at a later date, from Designating any material "CONFIDENTIAL".  In the event of an inadvertent failure to designated Confidential Material, the producing party may within a reasonable time after production, provide written notice to counsel of record for the receiving party or parties that the material is to be designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order.  Upon receipt of such notice, the receiving party shall thereafter treat the material as "CONFIDENTIAL", shall restrict the disclosure or use of such material to only those persons qualified pursuant to this Order, and, if such material has previously been disclosed to persons not qualified pursuant to the Order, shall take reasonable steps to obtain all such previously disclosed material, advise such persons of the claims of the confidentiality, and obtain the appropriate non-disclosure agreement attached hereto as Attachment 1.

15.     Breach.  Failure to comply with this Order may be punished by the contempt powers of the court and any other appropriate remedies determined by the Court.

16.     Duration of Order.  The confidentiality obligations imposed by this Order shall remain in effect unless otherwise expressly ordered by the court.

17. Notice & Service. Unless otherwise specified in this Order, all notices shall be in writing and by facsimile and mail.

IT IS SO ORDERED.

DATED: January 10, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court